IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: BRADLEY L. CROFT,<br> *Debtor*.<br><br>JEANETTE BARBARA LOWRY, AMS SA MANAGEMENT, LLC, and SHAVANO ROGERS RANCH SWIM CLUB, INC.,<br><br> *Appellants*,<br><br>v.<br><br>BRADLEY L. CROFT,<br><br> *Appellee*. | Civil Action No.  SA-12-CV-535-XR |

**ORDER AND OPINION**

 The issues presented to the Court on this bankruptcy appeal appear to be ones of first impression in both Texas and the Fifth Circuit. The Court is asked to determine whether the right to appeal a judgment entered prior to bankruptcy on a claim asserted against the debtor is property of the estate, as defined by 11 U.S.C. § 541, and thus subject to sale by the trustee pursuant to 11 U.S.C. § 363(b). In other words, the Court must determine if a "defensive appellate right" is a saleable asset of the estate. Because the Court answers affirmatively, the bankruptcy court's Order Granting Limited Relief from Automatic Stay to Proceed with State Court Appeals (Bankr. Docket No. 72) must be vacated.

**I. Facts**

 Prior to filing bankruptcy, Bradley Croft ("Croft") was involved in two lawsuits against AMS SA Management LLC d/b/a Association Management Services and Shavano Rogers Ranch

1

Swim Club Inc. (collectively "Appellants")[1] in Bexar County District Court.[2] In both lawsuits, the state court ordered sanctions against Croft and Croft subsequently appealed both court orders to the Fourth Court of Appeals in Bexar County.[3]

After filing both of his appeals, Croft filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.[4] The Fourth Court of Appeals accordingly abated both appeals and Croft filed a motion in the bankruptcy court for limited relief from the automatic stay in order to proceed with the appeals.[5] Appellants opposed Croft's motion, arguing that the appellate rights had become property of the bankruptcy estate and thus could be sold by the trustee pursuant to a proposed sale procedure.[6] At a hearing on the matter, the bankruptcy court found that the appellate rights are not property of the estate and consequently granted Croft's motion, thereafter issuing an order that the automatic stay be lifted for the purpose of reinstating both appeals and permitting either Croft or the chapter 7 trustee to prosecute the appeals.[7] The bankruptcy court denied Appellants' motion to reconsider so Appellants timely appealed to this Court pursuant to 28 U.S.C. § 158(a). Appellants ask this Court to find that the defensive appellate rights are property of the estate and thus subject to sale by the chapter 7 trustee.

---

[1] Jeanette Lowry, another appellant in this case, is the member manager of AMS SA Management LLC and is the principal of Shavano Rogers Ranch Swim Club Inc. (Appellants' Br. i.)

[2] The first lawsuit, filed in 2009, was styled *Bradley L. Croft v. AMS SA Management, LLC*, Cause No. 2009-CI-15857. The second lawsuit, filed in 2010, was styled *Richard Snell and Brad Croft, Trustee of Willawall Investments Trust v. Jason S. Gadsby, Shavano Rogers Ranch Swim Club, Inc. et al.*, Cause No. 2010-CI-09853. (*Id.* at 2.)

[3] (*Id.*) The sanctions ordered against Croft were in excess of $100,000. (*See* Bankr. Ct. Hr'g Tr. 6:22-24, March 5, 2012.)

[4] (Appellee's Br. 2.) The case was originally filed as a no-asset case, but it subsequently became apparent that a dividend could possibly be declared for creditors. (*See id.* at 9 & Ex. 2.)

[5] (*Id.* at 5; *see also* Debtor's Mot. for Limited Relief from Automatic Stay, February 10, 2012.)

[6] (*See* Resp. to Debtor's Mot. for Limited Relief from Automatic Stay, February 27, 2012; *see also* Bankr. Ct. Hr'g Tr. 5:22-7:10, March 5, 2012.) The proposed sale procedure provided that the trustee would solicit bids for Croft's appellate rights for a period of twenty-one days. If the trustee were to receive an offer he deemed viable within that time period, the procedure provided that the parties would have the opportunity to object to the sale and that the bankruptcy court would conduct a hearing on the objections. If there were no bids on the appellate rights or if the bankruptcy court did not approve the sale, the proposed procedure provided that the appellate rights would be abandoned and that the stay would be lifted in order for Croft to go forward with his appeals. (Bankr. Ct. Hr'g Tr. 5:22-6:19, March 5, 2012.)

[7] (*See id.* at 34:12-36:2; Order Granting Limited Relief from Automatic Stay to Proceed with State Ct. Appeals, March 9, 2012.)

## II. Standard of Review

When a bankruptcy court's decision is appealed to a district court, the district court reviews "the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*." *In re Laughlin*, 602 F.3d 417, 421 (5th Cir. 2010) (quoting *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 694 (5th Cir. 2009) (per curiam)). Mixed questions of fact and law are reviewed *de novo*. *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011).

## III. Applicable Federal Bankruptcy Law and Texas Property Law

Pursuant to section 363 of the Bankruptcy Code, a trustee may sell "property of the estate," other than in the ordinary course of business, after notice and a hearing. 11 U.S.C. § 363(b)(1). The Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

To determine whether something is property of the bankruptcy estate, a court must look to both state and federal law. Specifically, a debtor's property rights are determined by state law, while federal bankruptcy law applies to establish the extent to which those rights are property of the estate. *Mitchell v. BankIllinois*, 316 B.R. 891, 896 (S.D. Tex. 2004); *see also Butner v. U.S.*, 440 U.S. 48, 55 (1979) (holding that "[p]roperty interests are created and defined by state law"); *Stanley v. Trinchard*, 500 F.3d 411, 418 (5th Cir. 2007) (holding that while a debtor's pre-petition rights in property are determined according to state law, federal bankruptcy law determines the extent of a debtor's bankruptcy estate).

"Texas law defines 'property' broadly." *Winger v. Pianka*, 831 S.W.2d 853, 857 (Tex. App.—Austin 1992, writ denied). The Texas Supreme Court has recognized property as "a word of comprehensive meaning" that "extends to every species of valuable right and interest."

*Womack v. Womack*, 141 Tex. 299, 301 (Tex. 1943) (citations and internal quotation marks omitted). Likewise, the Fifth Circuit has interpreted the language of section 541 broadly, finding that the phrase "all legal or equitable interests of the debtor in property" is "all-encompassing" and that "Congress meant for it to be construed commensurately." *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1274 (5th Cir. 1983); *see also In re Moore*, 608 F.3d 253, 257 (5th Cir. 2010) (holding that the term "all legal and equitable interests of the debtor in property" is all-encompassing).

It is well established that any causes of action belonging to the debtor are property that become part of the estate once the bankruptcy petition is filed. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam) ("Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition."). Because they become property of the estate, the causes of action may therefore be sold by the bankruptcy trustee. *Moore*, 608 F.3d at 258 ("A trustee may sell litigation claims that belong to the estate, as it can other estate property, pursuant to § 363(b).").[8]

At least one Texas appellate court case, *Valenciana v. Hereford Bi-Products Management, Ltd.*, No. 07-05-0051-CV, 2005 WL 3803144, at *1 (Tex. App.—Amarillo Feb. 24, 2005, no pet.), has specifically recognized that, like causes of action, appellate rights are also property that belong to the estate. The *Valenciana* case, however, concerned an appeal of a

---

[8] Additionally, since the causes of action belong to the estate, the trustee has exclusive standing to prosecute them. *Kane*, 535 F.3d at 385 ("[A] trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.").

judgment that had been entered on a claim asserted *by* the debtor prior to filing for bankruptcy.[9] Here, on the other hand, the appeals at issue arise from judgments that were entered on claims asserted *against* the debtor. Whether the rights to pursue such purely defensive appeals constitute property, and whether the rights become saleable assets of the bankruptcy estate, remain open questions in both Texas and the Fifth Circuit.[10]

### IV. Similar Cases

Because the parties and the bankruptcy court were not aware of any Texas or Fifth Circuit case law discussing whether solely defensive appellate rights are saleable property of the estate, the bankruptcy court examined two cases from outside the circuit, *In re Mozer*, 302 B.R. 892 (C.D. Cal. 2003) and *In re Morales*, 403 B.R. 629 (Bankr. N.D. Iowa 2009), that each considered the issues but reached opposite conclusions. Because the courts' analyses are instructive, this Court will summarize the relevant portions of their opinions in detail.

In *Mozer*, 302 B.R. 892, the district court found that defensive appellate rights do constitute a saleable asset of the estate. The court looked to the California Civil Code, which defines property as being "ownership of . . . rights created or granted by statute." *Id.* at 895 (quoting CAL. CIV. CODE § 655). Because the right to appeal in California is created by statute, the court agreed that appellate rights are therefore "necessarily property under California law." *Id.* at 895-96. The court further reasoned that "[t]he right to appeal is valuable in nature" and that defensive appellate rights "are not qualitatively different" with respect to their status as property than appellate rights arising from a judgment on a debtor's claims. *Id.* at 896.

---

[9] In *Valenciana*, the debtor had brought a personal injury claim against his employer and, after a trial, the jury returned a verdict denying recovery. A take-nothing judgment was entered on the verdict and the debtor timely appealed. While the appeal was pending the debtor filed a petition for chapter 7 bankruptcy. The court of appeals in *Valenciana* found that, once the debtor filed for bankruptcy, his appellate rights became property of the bankruptcy estate and the trustee had exclusive standing to pursue them.

[10] Neither the bankruptcy court nor the parties pointed to any case in Texas or the Fifth Circuit that addresses the issues. This Court has found no such case law either.

In *Morales*, 403 B.R. 629, however, the bankruptcy court explicitly disagreed with the *Mozer* court's reasoning and conclusion. In *Morales*, the bankruptcy court found that defensive appellate rights are qualitatively different from appellate rights arising from a debtor's claim, holding that "the nature of the appellate right . . . depend[s] on the nature of the underlying judgment." *Id.* at 633. In reaching its holding, the court distinguished between a "chose in action," which constitutes the right to payment,[11] from a "debt," which constitutes an obligation to pay. *Id.* at 632 (citing *Smead & Powell v. D.W. Chandler & Co.*, 76 S.W. 1066, 1068 (1903)).[12] Based on this distinction, the court reasoned that an appeal based solely on a judgment against the debtor on a debt does not make the appellate action an asset; rather, because the debtor in the case had not filed any claim against the creditor, the court found that her appellate right did not constitute an asset under Iowa law. *Id.* at 632-33. The *Morales* court further held that even if a defensive appellate right were considered property under Iowa law, it would still not be property of the bankruptcy estate. *Id.* at 633. The court reasoned that as long as a debtor has a pecuniary interest in the outcome of a bankruptcy proceeding, she has a right to object to a claim against her. *Id.* The court concluded that if the trustee could dispose of the debtor's appeal by selling it, then the trustee would be improperly destroying the debtor's right to object to the claim. *Id.*

Upon consideration of both *Mozer* and *Morales*, the bankruptcy court in this case found that *Morales* "has the better argument." (Bankr. Ct. Hr'g Tr. 34:12-13, March 5, 2012.) Specifically, the bankruptcy court found that purely defensive appellate rights are not property, and thus cannot be sold, because they are not a "chose in action." (*Id.* at 36:20-24.) Additionally,

---

[11] A "chose in action" is defined as the "right to bring an action to recover a debt, money, or thing," or as "[p]ersonal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit." Black's Law Dictionary (9th ed. 2009).

[12] The *Morales* court also pointed out that the Bankruptcy Code makes a similar distinction, defining a "claim" as a "right to payment" and defining a "debt" as a "liability on a claim." *Id.* (quoting 11 U.S.C. §§ 101(5), (12)).

the bankruptcy court reasoned that it was not appropriate to pursue the appeal by way of a claims objection in the bankruptcy court because it would "unduly upset[] the . . . [appellate] procedures that are available in state court." (*Id.* at 34:22-35:2.)

### V. Analysis

Upon review, this Court finds that Texas state property law and federal bankruptcy law compel a finding that defensive appellate rights *do* constitute saleable property of the bankruptcy estate.

As described *supra*, Texas defines "property" very broadly, construing the term to include "every species of valuable right and interest." *See Womack*, 141 Tex. at 301. A right to appeal is certainly a "valuable right" because it grants a party the prerogative to unilaterally invoke the court system upon request. This ability to compel a higher court authority to review a lower court's judgment is a unique privilege that is intrinsically valuable regardless of what type of judgment underlies the appeal. Accordingly, in bankruptcy, this valuable right becomes property of the estate pursuant to section 541.

Not only does an appellate right constitute property itself, but it also represents a "valuable interest" in the property underlying a judgment. A judgment against property directly affects the property's value and character, and because a judgment can be modified or vacated on appeal, the right to appeal a judgment constitutes an interest in the underlying property. In this case, the monetary sanctions against Croft lowered the value of his assets. By giving Croft a means to potentially lessen the monetary sanctions against him, Croft's appellate rights granted him a means by which he could potentially raise the value of his assets. Thus, the appellate rights granted Croft a particular type of interest in his property, and this interest became part of the estate pursuant to section 541 once Croft filed his bankruptcy petition.

Both the bankruptcy court and the court in *Morales* focused on determining whether a right to appeal constitutes a "chose in action," holding that if an appeal does not constitute a chose in action then the appeal does not constitute property of the estate. This Court, respectfully, disagrees and finds that making such a determination is unnecessary. Neither Texas's definition of property nor the plain language of section 541 suggests that property of the estate should be restricted to only those appellate rights that constitute a chose in action.[13]

Likewise, the bankruptcy court's concern of unduly upsetting the state court appellate procedure cannot dissuade this Court from finding that defensive appellate rights are saleable property of the estate. This Court has found that defensive appellate rights constitute property under Texas law and are therefore property of the bankruptcy estate pursuant to section 541. Accordingly, since defensive appellate rights are property of the estate, federal bankruptcy law controls how a trustee may dispose of them. *See In re Segerstrom*, 247 F.3d 218, 224 (5th Cir. 2001) (holding that once the determination has been made that a debtor has rights in property according to state law, federal law controls the trustee's conduct). Because federal bankruptcy law permits a trustee to sell property of the estate, see section 363(b)(1) and *In re Moore* 608 F.3d at 257, a trustee may therefore sell defensive appellate rights.

The court in *Morales* also expressed concern that a debtor's right to object to a claim would be vitiated if the sale of defensive appellate rights were permitted. However, such a concern is not present in this case because, if necessary, Croft will be afforded the opportunity to object to any proposed sale of the appellate rights. The proposed sale procedure for the appellate

---

[13] At least one bankruptcy court has explicitly recognized that defenses, as well as causes of action, are property interests of the estate under section 541. *See In re Gainesville Venture, Ltd.*, 159 B.R. 810, 811 (Bankr. S.D. Ohio 1993) (holding that, in a chapter 11 bankruptcy where the debtor was a limited partnership, "any causes of action or defenses" belonging to the limited partnership were property of the estate pursuant to section 541). The court's holding that a defense, which would not be considered a chose in action, is part of the estate lends further support to this Court's finding that an appeal need not constitute a chose in action in order to be considered property of the estate.

8

rights, as discussed at the bankruptcy hearing held on March 5, 2012, provides that if the trustee receives an offer he deems viable that the parties will have the opportunity to object to the sale and the bankruptcy court will conduct a hearing on the objections. (*See* Bankr. Ct. Hr'g Tr. 5:22-6:19.) Therefore, the proposed sale procedure ensures that the appellate rights will not be sold without a party in interest being able to properly object.

Furthermore, regardless of the proposed sale procedure or whether Croft objects to the sale, at least two other safeguards are in place to avoid an improper disposition of the appellate rights. The first safeguard is that the trustee has the duty to maximize the value of the estate, *Moore*, 608 F.3d at 263, and that the trustee owes this duty to all parties in interest. 11 U.S.C. § 704(a)(1) ("The trustee shall collect and reduce to money the property of the estate . . . and close such estate as expeditiously as is compatible with the best interests of *parties in interest.*" (emphasis added)); *see also In re Smyth*, 207 F.3d 758, 761-62 (5th Cir. 2000) (holding that trustees may be subjected to personal liability if found to have acted with gross negligence in violation of their fiduciary duties under section 704). Thus, if presented with an offer to purchase the appellate rights, the trustee may only accept the offer if he determines that a sale of the rights would be in the best interests of all parties in interest. Additionally, any sale of the appellate rights would be subject to approval by the bankruptcy court. The Fifth Circuit has held that "a sale of assets under § 363 requires notice and a hearing and is subject to court approval," and that in determining whether to approve the transaction the court looks "to the trustee's articulated business justification or sound business reasons for the proposed sale." *In re Moore*, 608 F.3d at 262. Therefore, even if the trustee in this case determines that a sale of the appellate rights would be in the best interests of the parties in interest, the bankruptcy court can still overrule the sale if

the court finds that the sale lacks a sufficient justification. In this way, the bankruptcy court provides an additional safeguard against an improper sale of the appellate rights.

## VI. Conclusion

The Court finds that, as a matter of law, a purely defensive appellate right is property of the bankruptcy estate and may be sold by the trustee.

Accordingly, the bankruptcy court's Order Granting Limited Relief from Automatic Stay to Proceed with State Court Appeals (Bankr. Docket No. 72) is VACATED and the case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

It is so ORDERED.

SIGNED this 10th day of December, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE